UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DEVON GORDON,

                            Plaintiff,

      -against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE UNDER POOLING
AND SERVICING AGREEMENT, RELATED
TO IMPACT SECURED ASSETS CORP.
MORTGAGE PASS-THROUGH CERTIFICATE
SERIES 2007-2,

                        Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11 CV 5090 (WFK)

KUNTZ, United States District Judge.

On October 19, 2001, *pro se* plaintiff Devon Gordon filed the instant complaint along with a request for an order to show cause for a preliminary injunction and temporary restraining order seeking to stay his eviction. Plaintiff paid the filing fee to initiate this action. By order dated October 19, 2011 Judge Brian M. Cogan, denied plaintiff's request for injunctive relief. By order dated October 20, 2011, Judge Cogan denied plaintiff's second request for a preliminary injunction and temporary restraining order seeking to stay his eviction, and advised plaintiff that the Court's time and resources should not be wasted by requesting expedited relief where there is no basis for such relief. For the reasons discussed below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

Background

Although plaintiff's complaint is somewhat unclear, his allegations stem from real property allegedly owned by plaintiff at 191-48 112 Road in St. Albans, Queens. Plaintiff alleges that "the mortgage is being foreclosed by defendant under false pretenses, because the moving party in the

1

foreclosure action does not legally own the property nor does defendant have legal standing to commence such an action." Compl. at ¶ III (a). Moreover, it appears that plaintiff is alleging that as a "Moorish-American national" he is immune from the laws of the United States.[1] See generally, Exhibits annexed to Complaint. Plaintiff seeks monetary damages and injunctive relief.

Standard of Review

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, --- U.S.---, 129 S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed.R.Civ.P. 12(h)(3).

---

[1] Plaintiff's suggestion that as a member of the "Moorish-American" nation he is immune from the laws of the United States is misguided. Cf. Bey v. Bailey, No. 09 Civ. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010 ) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit and cannot be the basis for habeas relief); Allah El v. Dist. Att'y for Bronx County, No. 09 Civ. 8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.").

2

Discussion

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986): Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 nd 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). Here, plaintiff has not alleged diversity jurisdiction. While plaintiff is domiciled in New York state, he has not identified the principal place of business of defendant.

The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327U.S. 678, 681-85 (1946)).

As submitted, plaintiff's complaint fails to present a federal question. To the extent that plaintiff seeks to overturn the state court proceedings regarding the foreclosure of his home, this Court lacks subject matter jurisdiction. See, e.g., Ashby v. Polinsky, 328 Fed. Appx. 20, 21 (2d

Cir. 2009) (holding that the *Rooker–Feldman* doctrine precluded attempt to re-litigate state court foreclosure judgment in federal court); Garvin v. Bank of New York, 227 F. Appx. 7, 8 (2d Cir. 2007) (same) (summary order); see also Webster v. Wells Fargo Bank, N.A., No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (court lacks subject matter jurisdiction because in substance it is an attack on the foreclosure proceeding).

Likewise, this Court lacks subject matter jurisdiction over eviction proceedings. See Rosen v. North Shore Towers Apartments, Inc. No. 11 CV 0752, 2011 WL 2550733, at *4 (E.D.N.Y. Jun. 27, 2011) (federal court lacks jurisdiction over eviction proceedings); Kheyn v. City of New York, Nos. 10 CV 3233, 10 CV 3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010); see also Torres v. City of New York, No. 09 CV 1894, 2009 WL 1346396 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home"). Here, the complaint raises issues that are within the subject matter jurisdiction of the state court. Although this Court is sympathetic to plaintiff's situation, it lacks federal subject matter jurisdiction to adjudicate this case.

## Conclusion

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(h)(3). Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York